# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED
January 15, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**THOMAS CHARLES,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0197**  (BOR Appeal No. 2048519)
(Claim No. 2001050236)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**KAMCO TRANSPORT, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thomas Charles, by Patrick Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Anna Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 28, 2014, in which the Board affirmed a June 7, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 24, 2011, decision denying a request for authorization of a physical therapy evaluation. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Charles was seriously injured on April 18, 2001, during a tire blow-out that occurred while he was attempting to inflate a tire and rendered him unconscious. Although it is apparent that Mr. Charles suffered numerous injuries, the extent and compensability of the individual injuries is not well-documented in the evidentiary record. However, it is clear that the claim was held compensable. Additionally, the course of treatment for the compensable injury is not well-documented but appears to have initially included physical therapy and pain management therapy.

Approximately five years after the compensable injury, Mr. Charles began treating with Samuel Januszkiewicz, M.D. On November 10, 2010, Dr. Januszkiewicz requested authorization for a physical therapy evaluation for the purpose of determining the extent of Mr. Charles's continuing physical limitations. On May 24, 2011, the claims administrator denied Dr. Januszkiewicz's request based on a finding that there is insufficient medical documentation to support authorization of the request.

In its Order affirming the claims administrator's decision, the Office of Judges held that the evidence of record fails to demonstrate that the request for a physical therapy evaluation should be authorized. Mr. Charles disputes this finding and asserts that the evidence of record demonstrates that Dr. Januszkiewicz's request for authorization of a physical therapy evaluation is reasonable and should therefore be authorized.

The Office of Judges noted that the only evidence of record pertaining to Dr. Januszkiewicz's request is the request itself, which takes the form of a two-sentence letter. The Office of Judges found that because Mr. Charles's injury occurred twelve years ago, some type of narrative relating the instant request to the compensable injury is necessary. The Office of Judges then concluded that in the absence of such a narrative, authorization of the instant request is impossible. The Board of Review reached the same reasoned conclusions in its decision of January 28, 2014. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 15, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II